**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

TRANSCORE, LP,                                          )
                                                       )
      Plaintiff/Counterclaim Defendant,            )
                                                       )
v.                                                     )
                                                       )    Case No.: 3:19-cv-820-REP
RICHMOND METROPOLITAN                                   )
TRANSPORTATION AUTHORITY,                               )
                                                       )
      Defendant/Counterclaim Plaintiff.            )
                                                       )

**TRANSCORE, LP'S MEMORANDUM IN OPPOSITION
TO RICHMOND METROPOLITAN TRANSPORTATION AUTHORITY'S
<u>MOTION TO STRIKE PORTIONS OF ERRATA SHEETS</u>**

TransCore, LP ("TransCore"), by counsel, submits this opposition to Richmond Metropolitan

Transportation Authority's "(RMTA") motion to strike portions of TransCore's witnesses' errata

sheets.  [ECF No. 129.]

<u>BACKGROUND</u>

*Mickle's Expert Testimony Regarding the Design Drawings*

Plaintiff's motion asks the Court to strike four errata included in errata sheets signed by

TransCore witnesses.[1]  The first erratum concerns testimony of Barry Mickle about his ability,

acquired over decades of managing toll-system projects, to evaluate the overall sufficiency of design

drawings that TransCore submitted to RMTA on the Project.  One of the issues in this case is whether

the Detailed Design Drawings were, on the whole, approximately 80 percent complete, as required by

the Midpoint Design Review specifications.  Mickle opined that they were.  (Barry Mickle Expert

Deposition, relevant excerpts of which are attached hereto as **Exhibit 1**, at 48:8-15.)  Mickle testified

that he could make such a judgment based on: (1) his experience on other projects, what an 80

---

[1] As explained infra, Plaintiff has withdrawn one of these four objections.

percentile would be, (2) his review of the drawings to determine what portions were already 100

percent complete, and (3) consultations with engineering and project staff.  (*Id.* at 44:9-19.)  He said

that, provided he had such input, "I've seen enough drawings in my career that *I can render what is 80

percent* and what's not."  (*Id.* at 55:2-4.)  In other words, he made the judgment himself and was not

relying on an engineer's estimate of the degree of completion.

After Mickle explained all this, RMTA's counsel asked a confusing question on the same

subject:

> Q.    Okay.  So that's a really good point.  Are you prepared to testify
> that you believe in your own experience without an engineer
> having looked at *it*?  Is that what you're prepared to do?
>
> A.    No.

(Mickle Expert Depo. at 55:5-10) (emphasis added).  Here, the antecedent of "it" is unclear.[2]  It could

mean the detailed designed documents (which, of course, engineers would have looked at).  But it also

could mean an engineer's review of the 80-percent requirement.  When reviewing the transcript,

Mickle realized that his response could be misconstrued as implying that only an engineer could opine

about the degree of completion, a proposition that—as Mickle's sworn testimony elsewhere makes

clear—he believes is false.  So Mickle corrected his testimony to eliminate this possible

misconstruction of his answer.

*Hall's Testimony About Requesting Permission*

The second erratum that RMTA seeks to strike also involves a poorly worded question.  The

question concerns whether TransCore needed to ask for RMTA's permission before ordering project

equipment.  RMTA claims that, in its Proposal, TransCore agreed to ask for RMTA's permission

before ordering individual items of "long-lead equipment."  In his deposition, Neal Hall explained

---

[2] Grammatically, the antecedent of "it" is "your own experience," which makes no sense.  Engineers
look at design drawings, not a contractor's experience.

2

under oath that: (1) the language in the Proposal simply flagged an issue that TransCore wanted to discuss further, and (2) RMTA ultimately granted "permission" to procure long-lead equipment when it signed the letter agreement:

> Well, let me clarify what I mean here. Based on the letter agreement resolving the procurement issue entirely, it was up to us to determine when that equipment needed to be ordered in order to meet the project requirements. We didn't need to ask RMTA permission to order that equipment. *It had already been granted in the letter agreement based on our contract exceptions and the procurement language we addressed very clearly in negotiations.*
>
> *So I don't want to give you the impression that we needed to ask* – that it would be inappropriate from a contractual – what we were allowed to do contractually.

 (Deposition of Neal Hall, relevant excerpts of which are attached hereto as **Exhibit 2**, at 404:14-405:6.)

In the erratum in question, Hall attempts to make a similar clarification to a different answer in the same deposition.  The question concerned the language in the Proposal that discussed seeking RMTA's permission to procure long-lead equipment:

> Is it your understanding, then, Mr. Hall, that TransCore is stating that it will request permission of RMTA to conduct procurement of every item in the BOM [Bill of Materials]?

(*Id.* at 228:21-229:3.)  Hall answered "Yes."  But—lest this be misconstrued as a concession that TransCore needed to get approval for each particular purchase—the erratum clarifies that Hall understood that "permission" referred to negotiations culminating in the Letter Agreement.  Thus, the erratum appends a clarifying: "Yes as agreed by signing the Letter Agreement."

*Mickle's Testimony About "Hitting the Requirements"*

The next erratum that RMTA's motion addresses is a straightforward instance of a transcription error concerning the following colloquy involving Barry Mickle's testimony, as a corporate representative under Rule 30(b)(6), about TransCore's satisfying milestone requirements.  RMTA's

3

counsel asked "[I]f the scope of work had one submittal, then that would have been inconsistent with the specification, which says 'as many iterations,' correct?"  (Barry Mickle 30(b)(6) Deposition Transcript, relevant excerpts of which are attached hereto as **Exhibit 3**, at 173:22-174:4.)  The deposition transcript reports that Mickle answered "It was as many iterations.  We weren't hitting the requirements.  When we hit the requirements . . .")  Counsel for RMTA and TransCore have reviewed the audio recording, which became available only after RMTA filed its Motion, and Mickle said "*If* we weren't hitting the requirements."  Based on this review and communications between counsel, TransCore understands that RMTA no longer objects to the erratum's adding the word "If" in Mickle's answer.

*Hall's 30(b)(6) Testimony About Obtaining RMTA Permission*

The last erratum that RMTA seeks to strike relates to the same "permission" issue involved in the erratum concerning Hall's individual testimony.  As noted above, Hall testified in his individual deposition that—by signing the Letter Agreement—RMTA gave TransCore permission to purchase long-lead equipment.  In his deposition testimony as a Rule 30(b)(6) corporate representative, Hall reiterates this.  Responding to a question about language in the Proposal stating that TransCore would obtain RMTA's permission to order long-lead equipment, Hall explains that the issue "was actually addressed during contract negotiations.  And as part of that process, *the RMTA granted permission* to procure—to conduct procurement of these long-lead items, in fact."  (Neal Hall 30(b)(6) Deposition Transcript, relevant excerpts of which are attached hereto as **Exhibit 4**, at 237:22-238:2) (emphasis added).  Hall repeats this point several times in the deposition.  (*Id.* at 240:21-241:9; 241:25-242:5; 245:11-17; 250:22-251:6.)  Time and again, Hall states that "we requested the permission and it was granted by the RMTA via the Letter Agreement."  (*Id.* at 245:14-17.)

4

TransCore's erratum concerns an occasion in which Hall misspoke.  The colloquy in question was as follows:

> Q.      Well you said that they are going to request permission.  And my question is does TransCore—by the language that it chose and it used in this paragraph, does TransCore believe that it is agreeing to receive the permission of RMTA in order to conduct procurement of these long lead items?
>
> MR. WOLF: Object to the form of the question.
>
> THE WITNESS: Well, we didn't receive permission of the RMTA.

(*Id.* at 238:23-239:9.)  This statement was an instance of misspeaking.  Four other times during the same deposition, Hall said exactly the opposite—in plain and unequivocal terms.

ARGUMENT

**I.      TransCore gave reasons for the errata.**

RMTA first argues that the four errata[3] are procedurally deficient because the explanations that TransCore provided for the corrections—"for accuracy"—were, in RMTA's opinion, insufficiently detailed.  Rule 30(e)(1) allows deponents to review their transcript and "if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them."  Fed. R. Civ. P. 30(e)(1)(B).  The Rule does not require that the "reasons" be elaborate, does not prescribe the content of the entry explaining reasons for the erratum, and so does not provide any criteria by which a court could evaluate the sufficiency of a reason for making the change.  Consequently, courts will not second-guess "the sufficiency, reasonableness, or legitimacy of the reasons" for an erratum.  *Foutz v. Town of Vinton, Virginia*, 211 F.R.D. 293, 296 (W.D. Va. 2002) (*citing Lugtig v. Thomas*, 89 F.R.D. 639, 641 (N.D. Ill. 1981) and *Colin v. Thompson*, 16 F.R.D. 194, 195 (W.D. Mo. 1954)).  All that the

---

[3] RMTA frames its argument in terms of *all* of TransCore's errata, but the present motion concerns only the four identified in RMTA's brief.  [ECF No. at 3-4.]

Rule requires is that a reason be given.  TransCore provided reasons for all three of the errata that RMTA now seeks to strike.

RMTA, however, cites this Court's decision in *E.I. du Pont de Nemours and Co. v. Kolon Inds., Inc.*, 277 F.R.D. 286 (2011) ("*Kolon*") and suggests that it imposes a specificity requirement for reasons given for errata.  Not so.  The problem with the errata in that case was *not* that the reasons were insufficiently specific.  The problem was that *they did not give any reasons at all* for making the change.  The same is true for *Stokes v. Virginia Dept. of Corrections*, No. 3:10cv370, 2012 WL 4461493, at *4 (E.D. Va. August 17, 2012), another case RMTA relies on.  In the present case, unlike *Kolon* and *Stokes*, TransCore *did* provide reasons for all of its errata.  Accordingly, the Court should reject RMTA's argument that the four errata were technically deficient.

## II.    Rule 30(e)(2) authorizes corrections that clarify deposition transcripts.

One legitimate reason for correcting a deposition transcript is to clarify a witness's testimony. Where, as here, the clarification is consistent with the rest of the witness's testimony, courts— including this Court—will allow it.  *See Stradtman v. Republic Services, Inc.*, No. 11:14cv1289, 2015 WL 3404139, at *4 (E.D. Va. May 26, 2015) ("Stradtman's correction is an attempt to clarify his testimony.  It does not appear that the change is inconsistent with his later testimony or would substantively alter his testimony.").  Such a change is *not* an impermissible substantive alteration.  *Id.* And where, as here, the same issues are discussed elsewhere in the deposition, the deposing party is not deprived of its right to ask follow up questions.

The three errata[4] that RMTA seeks to strike involve corrections that clarify testimony and that are consistent with the deponent's other testimony.  In Mickle's erratum regarding his expert-witness

---

[4] As noted above, TransCore understands RMTA does not object to the erratum's adding the word "If" in Mickle's answer, based on counsel's review of the audio recording.  (Barry Mickle 30(b)(6) Deposition Transcript, **Exhibit 3**, at 173:22-174:4.)

deposition, for example, Mickle clarified that he personally was qualified to opine on the percentage completion of drawings and did not need an engineer to make that estimation for him. Likewise, the erratum in Hall's individual deposition clarifies his testimony—making it clear that he construed RMTA's "permission" to encompass the negotiations that culminated in the Letter Agreement. This is consistent with Hall's other testimony during the deposition. Hall's 30(b)(6) clarification was much to the same effect—correcting a misstatement in order to clarify that, by entering into the Letter Agreement, RMTA gave TransCore permission to procure long-lead equipment. Again, this is consistent with several other statements in Hall's deposition. So, once again, this is an instance of a witness trying to correct, not change, testimony taken during a deposition. This is a permissible use of deposition errata. *Stradtman*, 2015 WL 3404139, at \*4.

In its brief, however, RMTA relies principally on this Court's opinion in *E.I. du Pont de Nemours and Co. v. Kolon Inds., Inc.*, 277 F.R.D. 286 (2011). But the facts in *Kolon* do not resemble those here. In *Kolon*, the plaintiff objected to the defendants' submission of "nine hundred or so" different changes to deposition testimony taken over 10 days. *Id.* at 289. These changes included: (1) attempts to alter key dates, (2) additions of multiple sentences to answers, (3) altering the content of counsel's questions, and (4) material alterations of the witnesses' overall testimony on key issues in the case. In short, the defendants' lawyers appear to have engaged in a systematic attempt to edit the deposition "to craft answers that better serve[d] the deponent's case," a practice that, the Court noted, "makes a mockery of the serious and important role that depositions play in the litigation process." *Id.* at 297. The Court rejected the defendant's "make any changes you want" approach to errata sheets, holding that there were limits to a party's ability to make substantive changes to deposition transcripts—limits that the defendant's lawyers transgressed. *Id.*

The present case, unlike *Kolon*, does not represent a wholesale attempt to rewrite unfavorable deposition testimony.  TransCore's witnesses seek only to provide clarifications to testimony that—when viewed in isolation from the rest of the deposition transcript—would otherwise leave a mistaken impression.  This illustrates the witnesses' fidelity to the truth (a significant issue when testimony is taken under oath).  And it also shows their respect for the process and the need for accuracy.  Indeed, the present case is the mirror image of *Kolon*.  Here, *not* allowing the witnesses to correct the deposition transcripts would "make[] a mockery of the serious and important role that depositions play in the litigation process."  A deposition is the search for the truth—not a game of "gotcha" in which the goal is to get witnesses to stumble into answers that misinterpret a question, answers in which the deponent misspeaks, or answers that, read in isolation, communicate the exact opposite of what the deponent intended.

<u>CONCLUSION</u>

Because the errata at issue here are good-faith attempts to correct all-too-human errors of mistranscribing, misspeaking, and mishearing, the Court should deny RMTA's motion to strike.

TRANSCORE, LP

By:    /s/ Thomas M. Wolf
                    Counsel

Thomas M. Wolf (VSB No. 18234)
Joseph M. Rainsbury (VSB No. 45782)
John "Jack" M. Robb, III (VSB No. 73365)
Kenneth T. Stout (VSB No. 88027)
MILES & STOCKBRIDGE P.C.
919 E. Main Street, Suite 1302
Richmond, VA 23219
804.905.6910 (Telephone)
804.905.6910 (Facsimile)
twolf@milesstockbridge.com
jrainsbury@milesstockbridge.com
jrobb@milesstockbridge.com
ktstout@milesstockbridge.com
        *Counsel for TransCore, LP*

8